UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FRANKLIN R. KNISLEY, ) <br>         Petitioner, ) <br> v. ) <br> RANDY GROUNDS, WARDEN, ) <br>         Respondent. ) | No. CV 10-8920 GAF (FFM) <br><br> ORDER RE SUMMARY DISMISSAL OF ACTION WITHOUT PREJUDICE |

      Petitioner constructively filed the instant Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition" or "Pet.") on or about October 28, 2010. The Petition challenges petitioner's 2010 conviction and sentence for cultivation of marijuana.

      As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. *Rose v. Lundy*, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(I) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if the

exhaustion requirement is to be waived, it must be waived expressly by the State, through counsel. *See* 28 U.S.C. § 2254(b)(3).

Exhaustion requires that the prisoner's contentions be fairly presented to the state courts, and be disposed of on the merits by the highest court of the state. *Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979). A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. *See Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); *Picard v. Connor*, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996). A federal court may raise the failure to exhaust issue *sua sponte* and may summarily dismiss on that ground. *See Stone v. San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992); *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981) (*per curiam*); *see also Granberry v. Greer*, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 95 L. Ed. 2d 119 (1987).

Petitioner has the burden of demonstrating that he has exhausted available state remedies. *See, e.g., Brown v. Cuyler*, 669 F.2d 155, 158 (3d Cir. 1982). Here, it plainly appears from the face of the Petition that petitioner cannot meet this burden with respect to any of the claims being alleged by him. Petitioner alleges that he did not seek direct review of his conviction or sentence with the California Supreme Court. (*See* Pet. ¶¶ 4 and 5.) Petitioner also alleges that he has a collateral attack on his conviction or sentence pending in the California Court of Appeal. (*See* Pet. ¶ 6.)

Because petitioner has not raised any claim with the California Supreme Court, the Petition is entirely unexhausted.

Petitioner argues that he should be exempt from exhausting his claims because he does not believe that he will obtain a fair hearing from the California Courts. In support of this contention, petitioner recites rulings against him in a

worker's compensation proceeding. Petitioner's contentions are wholly insufficient to demonstrate that the state process available to him would be ineffective to protect his rights.

Similarly, there is nothing to indicate that state process is unavailable to him. He sustained his conviction and sentence less than one year ago. If it were clear that the California Supreme Court would hold that petitioner's unexhausted federal constitutional claims were procedurally barred under state law, then the exhaustion requirement would be satisfied.[1] *See Castille v. Peoples*, 489 U.S. 346, 351-52, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989); *Johnson v. Zenon*, 88 F.3d at 831; *Jennison v. Goldsmith*, 940 F. 2d 1308, 1312 (9th Cir. 1991). However, it is not "clear" here that the California Supreme Court will hold that petitioner's federal constitutional claims are procedurally barred under state law. *See, e.g., In re Harris*, 5 Cal. 4th 813, 825 (1993) (granting habeas relief where petitioner claimed sentencing error, even though the alleged sentencing error could have been raised on direct appeal); *People v. Sorensen*, 111 Cal. App. 2d 404, 405 (1952) (noting that claims that fundamental constitutional rights have been violated may be raised by state habeas petition).

The Court therefore concludes that this is not an appropriate case for invocation of either exception cited above to the requirement that a petitioner's federal claims must first be fairly presented to and disposed of on the merits by the state's highest court.

---

[1] In that event, although the exhaustion impediment to consideration of petitioner's claims on the merits would be removed, federal habeas review of the claims would still be barred unless petitioner could demonstrate "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims would result in a "fundamental miscarriage of justice." *See Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991).

1  IT THEREFORE IS ORDERED that this action be summarily dismissed
2  without prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases
3  in the United States District Courts.
4  LET JUDGEMENT BE ENTERED ACCORDINGLY.

6  DATED: November 29, 2010

                                          GARY A. FEESS
                                  United States District Judge

9  Presented by:

11  /S/ FREDERICK F. MUMM
    FREDERICK F. MUMM
12  United States Magistrate Judge

4